In the Matter of the Application of the COUNTY OF OSWEGO, Respondent, for a Peremptory Mandamus Order against LANGDON C. FOSTER, City Chamberlain of the City of Fulton, New York, Appellant.*

Fourth Department, April 6, 1933.

*Don Carlos Buell, City Attorney*, for the appellant.

*William M. Gallagher*, for the respondent.

THOMPSON, J. The Charter of the City of Fulton confers adequate and exclusive authority upon the city to levy and collect all State and county taxes legally chargeable against property situated in the city, including power to advertise and sell property for unpaid taxes. (Charter of City of Fulton [Laws of 1902, chap. 63], §§ 26, 243, 246, 253, 260.) The board of supervisors shall ascertain and direct the amount of the tax by resolution, and, before the fifteenth of December in each year, certify the resolution to the common council of the city; whereupon the city clerk shall extend and apportion such tax on the assessment rolls, together with the city taxes. (Charter, § 44, subd. 10; § 243.) On or before January first in each year there shall be delivered to the chamberlain of the city two certified copies of the assessment rolls with warrants

* Revd., 262 N. Y. 439.

annexed, signed by a majority of the common council under the seal of the city, commanding him to receive, levy and collect the taxes so assessed and to return the warrants and rolls to the city clerk within ninety days. (Charter, § 246.) The chamberlain must pay over to the county treasurer "all moneys received by him for county and State taxes" on or before the first day of July of each year. (Charter, § 260.)

On December 15, 1931, the board of supervisors of petitioner county of Oswego passed a resolution by which it ascertained and directed the amount of the tax to be levied upon property in the city of Fulton for State and county purposes for the current year to be the sum of $182,885.79, and issued and delivered to the defendant chamberlain a supervisors' warrant for the collection of it by him in the year 1932. Thereafter a majority of the common council of the city issued to defendant a tax warrant, showing the amount of the city tax and the State and county tax, in pursuance of which the city clerk prepared the assessment rolls and the warrants required by section 246, and delivered two copies to defendant. Defendant then proceeded to the collection of the taxes thus levied to the amount of about $200,000; a large portion of which has been expended for city purposes. On July first defendant turned over to the county treasurer the sum of $75,000, and thereafter the additional sum of $500, on the theory that the sums represented the amount of State and county taxes he had received to that time. It does not appear that he has turned over or collected any further amounts. Petitioner county claims that defendant chamberlain is required to pay over to the county treasurer the amount of the State and county taxes included in the city tax roll from the total tax moneys first collected, and has obtained a mandamus order requiring defendant to pay the sum of $107,385.79, being the difference between the total sum of State and county taxes assessed against property in the city of Fulton and the amounts paid to the treasurer of the county.

The sole duty of the defendant chamberlain, performance of which is sought to be here compelled by mandamus, is to pay to the county treasurer all moneys received by him for county and State taxes on or before July first of each year. (Charter, § 260.) We find no provision of the charter which requires or permits him to use tax moneys received for city purposes or other moneys of the city, to pay State and county taxes to the county treasurer before such taxes are collected, or to borrow money on the city's credit for such purposes; nor is such an authority to be inferred from the section quoted. Moreover, there is no other statute by force of which the collection of State and county taxes and the

paying of them over to the county treasurer is imposed upon the city, or any of its officers, nor is there a statute authorizing the charging of such taxes against the city. (*Mayor, etc., of City of New York* v. *Davenport,* 92 N. Y. 604.)

In order that the defendant shall be required to pay over State and county taxes collected from the taxpayers of the city to the county treasurer, it must be shown that such taxes have been actually received by him, and their amount, and that he has not already paid them to the county treasurer. To the extent that such taxes have been collected, the chamberlain is empowered and it becomes his imperative duty to pay them to the county treasurer. He need and can go no further, nor can his power and duty in this respect be enlarged by judicial process.

It is the position of the petitioner that the city of Fulton is required by its charter to make good any deficit in its collection of State and county taxes, as then found to exist, to the county treasurer, on the first day of July of each year, under the doctrine of *Town of Amherst* v. *County of Erie* (260 N. Y. 361). The case is not analogous. That action determined the power, responsibility and duty of the county with respect to the financing and enforcement of claims and liens for unpaid taxes, when and as returned to the county treasurer by the town collector under a totally different statute. We do not deem it controlling. Considerations of the policy of the State in imposing and collecting taxes (*Mayor, etc., of City of New York* v. *Davenport, supra*), long-prevailing custom, and the wording of the particular statute (Laws of 1884, chap. 135, as amd. by Laws of 1909, chap. 383) there moved the court to hold that while the statute did not in words direct the county to make such a payment, such an intent is necessarily implied and that the county was legally bound to reimburse the town for the amount of uncollected taxes as returned by the town collector. There is room for no such inference here.

The peremptory order of mandamus should be reversed, with costs.

All concur.

Order reversed on the law, with costs, and motion denied, with fifty dollars costs and disbursements.